UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 13-80649-CIV-MARRA

WILLIAM WOOD FLIPPO, II,

    Plaintiff,

v.

JACK STILES,

    Defendant.
_____/

**OPINION AND ORDER**

    This cause is before the Court upon Defendant's Motion to Dismiss Complaint for Failure to State a Cause of Action and Improper Jurisdiction, Strike Claim for Damages & Strike Service of Process as Improper (DE 10). Plaintiff responded. (DE 12). For the reasons stated below, Defendant's Motion to Dismiss (DE 10) is **GRANTED**.

**I. Background**

    This case arises out of a dispute between neighbors owning properties on the same street in West Palm Beach, Florida. Both Plaintiff and Defendant are proceeding *pro se*. Plaintiff's allegations are not easy to discern. It appears that Plaintiff states that Defendant and some of the other neighbors stole Plaintiff's property and electrical power. On this basis, Plaintiff brings claims for a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), theft, and tempering with Plaintiff's property. Plaintiff bases jurisdiction on diversity of citizenship, 28 U.S.C. § 1332, alleging that Defendant is a resident on North Carolina because Defendant's vehicle is registered there, and, in the alternative, on federal question, 28 U.S.C. § 1331.

    Plaintiff seeks several types of relief. Plaintiff asks the Court to enjoin Florida Power and

Light from interrupting Plaintiff's service due to Defendant's tampering with the electrical breakers, to appoint a guardian for Defendant, who is elderly, to order Defendant to only perform construction work in a lawful manner, to request Palm Beach County Code Enforcement to be more vigilant, to order Defendant and others mentioned in the Complaint to protect Plaintiff's constitutional rights and to order Defendant to pay Plaintiff $314.00 for his damaged air conditioning unit.

Defendant moved to dismiss the Complaint for failure to state a claim and for lack of subject matter jurisdiction alleging that he is a resident of Florida and that damages do not exceed $75,000.00.[1]

**II. Legal standard**

**1. Motion to Dismiss for Failure to State a Claim**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[1] Defendant also asks to quash improper service. Plaintiff responds that he mailed the Complaint to Defendant. Thus, Plaintiff did not properly serve Defendant. *See* Fed. R. Civ. P. 4(e).

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Lastly, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation omitted).

**2. Motion to Dismiss for Lack of Jurisdiction**

Defendant also moved for dismissal pursuant to the Rule 12(b)(1) due to lack of subject matter jurisdiction. The Eleventh Circuit has said:

> Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion' . . . 'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (citations omitted).

When the attack is facial, the standard is similar to the one employed under Rule 12(b)(6), and all well-pleaded allegations in the complaint are taken as true. *Id.* When the attack is factual, the court may go beyond the pleadings and can weigh the evidence. *Id.*

Here, the attack is factual. Thus, the Court may consider information not contained in the Complaint.

**III. Discussion**

**1. Motion to Dismiss for Failure to State a Claim**

The Complaint does not give Defendant a fair notice of the claims because it is very hard to

discern what claims are actually asserted.  To the extent Plaintiff brings a RICO claim, this claim cannot survive the Motion to Dismiss because there are no allegations of any activity affecting interstate or foreign commerce or of qualified predicate acts.  *See* 18 U.S.C.A. §§ 1961, 1962 (West); *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).  It appears that the rest of the claims are based on state law.  Thus, they should be dismissed as well.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

**2. Motion to Dismiss for Lack of Jurisdiction**

Plaintiff does not make any factual allegations supporting the proposition that damages in this case will exceed 75,000.  Also, the Complaint only alleges Defendant's residency and does not specify the citizenship of either party, which is insufficient to establish the parties' diversity of citizenship.[2]  *See Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).  Thus, this Court cannot exercise jurisdiction over this case under 28 U.S.C. § 1332.

Accordingly, Defendant's Motion to Dismiss (DE 10) is **GRANTED**. Because it does not appear that Plaintiff can cure the jurisdictional defects present in this case, leave to amend will be futile.  Therefore, this case is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court shall **CLOSE** this case.  All other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of July, 2014.

_____
KENNETH A. MARRA
United States District Judge

---

[2] While Defendant did not file an affidavit, Defendant argues that he is a resident of Florida.  Thus, it appears that both Plaintiff and Defendant are citizens of Florida and that there is no diversity of citizenship between the parties.